Town of Brookhaven v Polynice (2025 NY Slip Op 50292(U))

[*1]

Town of Brookhaven v Polynice

2025 NY Slip Op 50292(U)

Decided on March 6, 2025

District Court Of Suffolk County, Sixth District

Blake, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 6, 2025
District Court of Suffolk County, Sixth District

Town of Brookhaven,

against
Marckendy Polynice, Defendant.

Index No. CR-2122-24/BR 

Attorneys for Town
Amanda Hill
Assistant Town Attorney
Town of Brookhaven Attorney's Office
1 Independence Hill
Farmingville, New York 11738
(631) 451-6500
Respondent Pro Se
Mr. Marckendy Polynice

Patricia M. Blake, J.

Defendant Marckendy Polynice ("Defendant") is charged with (1) a Non-Permitted Use in a "C" Residence District, in violation of Code of the Town of Brookhaven ("CTB") § 85-190(C)(4) and § 85-225, a violation and (2) having No Certificate of Occupancy in violation of CTB § 85-15, a violation. Specifically, the Defendant is charged in this fowl case with keeping a rooster on his property without having obtained a special permit, and with failing to obtain a certificate of occupancy following installation of solar panels on his residence.
After presiding over a non-jury trial on February 27, 2025, this Court makes the following findings of fact and conclusions of law and issues the following Decision and Order:
I. Summary of Trial
A. Prosecution's Case
During trial, the prosecution, by Assistant Town Attorney Amanda Hill, called a single witness, Brian Tohill, a senior investigator for the Town of Brookhaven. Investigator Tohill testified that he has worked in the Brookhaven Town Attorney's office since April 1996. Prior to the Town Attorney's Office, Tohill worked as an investigator with the Suffolk County District Attorney's Office. 
Investigator Tohill testified that the Town of Brookhaven received a complaint regarding a rooster at 686 Portion Road, Ronkonkoma, New York, located in the Town of Brookhaven. During his investigation, on September 12, 2024, Investigator Tohill drove a Town vehicle registered to the Town and parked it in front of 688 Portion Road and then rolled his window down until he heard a crowing sound emanating from the southwest corner of the Defendant's premises (see exhibit 2, certified deed owner Polynice).
In addition, while at the house investigating, Investigator Tohill observed solar panels on house and garage. Upon a review of Town of Brookhaven records portal, Investigator Tohill determined that there is no valid certificate of occupancy for solar panels. The Defendant gave testimony that in fact there were solar panels installed by a solar company, and a permit for construction of same was obtained, however, after completion of work, no certificate of occupancy was obtained. 
In support of the Town's case, it introduced the following exhibits into evidence: (1) building records; (2) deed; (3) tax map; and (4) notice/summons.
Upon cross-examination, the Defendant inquired if Investigator Tohill knew the direction of sound to which Investigator Tohill said, he did it naturally, just like he knows the direction of the Defendant's inquiry.
B. Defendant's Evidence
Defendant testified in support of his defense. With respect to the first count, Non-Permitted Use, the Defendant flatly denied the existence of a rooster on his property.
With respect to the second count, lack of a Certificate of Occupancy for the structure after installation of solar panels, the Defendant admitted to having unpermitted solar panels. However, he testified that the company he hired to install such panels was contractually required to obtain all necessary permits. According to the Defendant, that company should have completed the project and obtained the necessary Certificate of Occupancy, but instead went out of business. 
In support of his defense, the Defendant had the following evidence marked for identification: (1) a building permit for the solar panels and (2) a 2019 contract between solar company Sun Nation and the Defendant.
II. Findings of Fact
Based on the credible evidence submitted during trial, this Court finds that the Defendant kept a rooster on his property located at 686 Portion Road, Ronkonkoma, New York, located in the Town of Brookhaven, in a "C" Residence District, without first obtaining a permit. This Court further finds that the Defendant had solar panels installed on his roof without obtaining a Certificate of Occupancy for the structure after installation.
III. Conclusions of Law
In a bench trial, the court acts as the finder of fact. (See State v Kerry K., 157 AD3d 172, 189, 67 NYS3d 227, 240 [2d Dep't 2017]). In a criminal case, the People are required to prove, beyond a reasonable doubt, that a crime was committed. (See CPL § 70.20).
In this case, as noted above, the Defendant is charged with (1) a Non-Permitted Use in a "C" Residence District, in violation of CTB § 85-190(C)(4) and § 85-225, a violation and (2) having No Certificate of Occupancy in violation of CTB § 85-15, a violation.
Pursuant to CTB § 85-190(C)(4), certain agricultural uses (such as keeping a rooster) are authorized in an "A" Residence District only when the Town Board of Appeals grants a special permit. Moreover, pursuant to CTB § 85-225, the same use restrictions and permit requirements applicable to "A" Residence Districts are equally applicable to "C" Residence Districts. Thus, although roosters may crow at the sunlight, they may not do so in a "C" Residence District in the Town of Brookhaven without a special permit.
Based on the evidence submitted at trial, this Court concludes that the Plaintiff failed to comply with the requirements of CTB § 85-190(C)(4) in that he kept a rooster on his property in a "C" Residence District without obtaining a special permit from the Town. 
Next, pursuant to CTB § 85-15, "[n]o land shall be occupied or used and no building or structure hereafter erected or altered shall be used or changed in use until a certificate of occupancy shall have been issued by the Chief Building Inspector, stating that the building or structure or proposed use thereof complies with the provisions of this chapter." (Emphasis added). 
Based on the evidence submitted at trial, this Court concludes that the Defendant did not have a Certificate of Occupancy for the structure after the solar panels were installed, and it was the Defendant's responsibility to comply with the requirements of the code. This Court rejects the Defendant's argument that he is not guilty because he contracted for such work. The matter before this Court is not a contract action rather a town code violation against the owner. Unfortunately, the collateral damage of what may have been in another court a breach of contract is in this court a violation of the town code by Defendant. 
For these reasons, this Court finds the Defendant guilty of both charges: (1) a Non-Permitted Use in a "C" Residence District, in violation of Code of the Town of Brookhaven ("CTB") § 85-190(C)(4) and § 85-225, a violation and (2) having No Certificate of Occupancy in violation of CTB § 85-15, a violation.
Based on the foregoing, it is hereby:
ORDERED: The parties shall appear in Sixth District Court, 150 Main Street, Patchogue, New York on March __, 2025 at 2:00pm for a sentencing hearing.
Dated: March 6, 2025
Patchogue, New York
HON. PATRICIA M. BLAKE